# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,

      Plaintiffs,

vs.

      No.   0 4 - 2 2 5  —  **ACT**

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

      Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Energen Resources Corporation ("Energen"), pursuant to 28
U.S.C. §§ 1441 and 1446, submits this Notice of Removal and, as grounds
thereof, states as follows:

    1.    Energen is named a defendant in a civil action commenced against
it in the First Judicial District Court for the County of Santa Fe, New Mexico,
entitled *Steven Farber, Personal Representative of the Estate of Cody Amezcua,*
*Deceased, Cameron Fortney and Heather Hogue, Plaintiffs, v. Energen*
*Resources Corporation and Val Jolley, Personal Representative of the Estate of*
*John Everett Stapleton, Defendants,* and assigned case number D-101-CV-2004-
00242.

2.     Energen first received notice of this action on February 5, 2004, through service upon its registered agent of Plaintiffs' Complaint for Wrongful Death, Personal Injury and Infliction of Emotional Distress (the "Complaint").

3.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within 30 days after the complaint was served upon Energen. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served to date upon this Defendant are attached: the Complaint is Exhibit A; the remaining pleadings and process are Exhibit B.

## I.     THE PARTIES IN THIS ACTION, ONCE PROPERLY ALIGNED, ARE CITIZENS OF DIFFERENT STATES.

4.     Plaintiff Steven G. Farber ("Farber"), Personal Representative of the Estate of Cody Amezcua ("Amezcua"), deceased, is an individual, who resides in Santa Fe County, New Mexico. Complaint, Exhibit A, ¶ 1.

5.     Plaintiff Cameron Fortney ("Fortney") is an individual, who is both a resident and citizen of New Mexico. *Id.* ¶ 2.

6.     Plaintiff Heather Hogue ("Hogue") is an individual, who is both a resident and citizen of New Mexico. *Id.* ¶ 3.

7.     Energen is an Alabama corporation with its principal place of business in Alabama. *Id.* ¶ 4.

8.     The only purported citizen of New Mexico named as a Defendant is Val Jolley ("Jolley"), Personal Representative of the Estate of John Everett Stapleton ("Stapleton"), deceased. However, the Court should disregard Plaintiffs' designation and realign Jolley as a Plaintiff for the following reasons:

A.  When determining diversity jurisdiction, the court *must* align
    parties properly. *City of Indianapolis v. Chase Nat'l Bank*, 314
    U.S. 63, 69 (1941). The court must "look beyond the pleadings,
    and arrange the parties according to their sides in the dispute."
    *Id.* Whether parties have the sufficient "collision of interests"
    to be opponents is ascertained from the "principal purpose of
    the suit" and the "primary and controlling matter in dispute."
    *Id.* Thus, if parties initially captioned as opponents are "united"
    on the primary purpose of the lawsuit, they are realigned to the
    same side of the controversy to reflect that they are, in effect,
    "partners in litigation." *See id.* at 74-76; *see also Farmers
    Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386-87 (10th
    Cir. 1978) (where appropriate, court will realign parties so their
    positions as plaintiffs and defendants conform to their "real
    interests"), *cert. denied*, 439 U.S. 826 (1978).

B.  Plaintiffs and Defendant Jolley/Stapleton are united in their
    primary purpose—seeking to hold Energen, rather than
    Stapleton, solely responsible for Plaintiffs' and Stapleton's
    injuries.

C.  The complaint, itself, belies the 'sides' that Plaintiffs have
    declared. While nominally designating Stapleton as a
    defendant, none of the Plaintiffs allege that Stapleton breached
    any duty of care. *Compare* Compl. ¶¶25-27 (detailing duty of

care allegedly owed and breached by Energen). Neither Hogue nor Amezcua claims that Stapleton proximately caused their injuries. *See id.* ¶¶29-30, 33. And while Fortney does, his claim is only a feint:

> Although ***Mr. Fortney contends that his injuries and damages were proximately caused solely by the negligence and negligence per se of Defendant Energen,*** in order to fully protect his rights Mr. Fortney hereby asserts a personal injury claim for negligence against Defendant Jolley and the Estate of Mr. Stapleton.

*Id.* ¶31 (emphasis added).

D. The complaint makes clear that no Plaintiff—not even Fortney—intends to develop a case or pursue judgment against Stapleton. *See Alexander v. Elec. Data Sys. Corp.*, 870 F.Supp. 749, 752 (D.C.Mich.1994) (joinder will be deemed collusive if there is no intent to secure a judgment). Fortney's allegation parallels another complaint on which it was found appropriate to disregard the citizenship of a nominal defendant. *See Rose v. Giamatti*, 721 F.Supp. 906, 915 (D.C.Ohio 1989) (joinder of Cincinnati Reds. professional baseball team, in dispute between their field manager and Commissioner of Major League Baseball was not supported by any "real controversy" when plaintiff's complaint specifically stated there had been no wrongdoing on part of Reds).

E.  The complaint similarly fails, on behalf of all Plaintiffs, to allege elements of negligence sufficient to state a claim against Stapleton.[1] *See Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958) (when the complaint failed to charge any specific, tortious acts by individual defendants, their citizenship was properly disregarded for diversity jurisdiction purposes, the conclusion being warranted that such individuals were joined as defendants for the purpose of defeating the right of removal); *Lynch Ford, Inc. v. Ford Motor Co.*, 934 F.Supp. 1005, 1006-07 (D.C. Ill.1996) (when automobile franchise dealership brought suit for wrongful termination of franchise against franchiser and competing dealerships, and made no factual allegations of wrongful conduct by competing dealerships, fraudulent joinder of competing dealerships prevented remand). *Cf. Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham.").

F.  Plaintiffs' disinterest in any recovery against Stapleton is further evident beyond the pleadings.  Stapleton was nineteen years old at the time of the accident.  Barring fortune not

---

[1]  Aside from the fact that these other Plaintiffs make no allegations of negligence against Stapleton, the Complaint also discloses that Hogue was Stapleton's fiancée, who in that capacity claims a bystander's emotional injury as a result of his death. *See* Compl. ¶¶10, 24, 33. And Amezcua was Stapleton's friend, who had gone on a "pleasure drive" with Stapleton and allowed him to drive Amezcua's vehicle. *See* Compl. ¶¶10, 19.

indicated by the complaint or circumstances, a nineteen-year-old's estate cannot satisfy all three Plaintiffs' claims for damages to compensate the death of Amezcua, the "serious, permanent and debilitating injuries" of Mr. Fortney *and* the "severe emotional distress, loss of enjoyment of activities, loss of the value of life itself . . . [and] medical care" claimed by Ms. Hogue as a consequence of watching her fiancée burn to death. Compl. ¶¶ 30, 32-33; *see also* discussion *infra* at 5-7 (valuing each Plaintiff's claim at more than $500,000). Thus, incentives for all three Plaintiffs are to maximize fault assigned to Energen (a corporate defendant with apparent ability to satisfy such judgments) and deny any fault of Stapleton. This is also certainly the case for Jolley/Stapleton: since Stapleton was driving the vehicle that ran over Energen's wellhead, Jolley can only hope to recover for his death, if at all, from Energen.

G.  The relative profit a party stands to gain in alternate litigation outcomes illuminates both his "primary purpose" in the case and whether he has a "collision of interests" with other parties. Thus, courts have long relied upon analysis of competing financial incentives to determine where each party's interests lie and where he should correspondingly be aligned. In *Sutton v. English*, 246 U.S. 199, 203-204 (1918), an heir was found to be properly adverse to plaintiffs on the issue whether she would

take 100% of the estate, as residuary legatee, or 5% of the estate, if the will were set aside. Because of her adversity on this point, the "actual and substantial controversy" in the case, the Court disregarded her common interest on the other three claims in the lawsuit, which, if successful, would have increased the size of the estate. *Id.* Financially, the latter claims were insignificant in comparison to what was at stake on the adverse issue. *Id.* at 203-05. *See also Green v. Green,* 218 F.2d 130, 136-39 (7th. Cir. 1954), *cert. denied,* 349 U.S. 917 (similarly comparing potential litigation outcomes to discern party's ultimate interest and proper alignment in the case).

II. All of these factors demonstrate that Stapleton's interests, along with Plaintiffs', lie in attempting to prove that Energen was the sole proximate cause of the accident. Because this united interest is evident on the face of the complaint, as well as circumstances apparent beyond the pleadings, the Court should disregard Stapleton's nominal designation as a defendant and realign him as a plaintiff for purposes of diversity jurisdiction.

9. As between Plaintiffs and the only party they have properly named Defendant in this action, Energen, there is complete diversity of citizenship.

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

10. "[T]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the

allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 2001).

11.     While none of the Plaintiffs have specified the amount of damages sought, each, if successful, can reasonably be expected to recover more than $75,000:

        A.  Farber seeks compensatory damages for the wrongful death of Amezcua, a teenaged young man. Compl. ¶30. Counsel for Energen are personally aware of recent New Mexico juries valuing such lives at more than $1 million, and awarding equivalent verdicts to such categories of plaintiffs. *See also Folz v. State*, 797 P.2d 246, 250 (N.M. 1990) (jury's average valuation of three lives exceeded $345,000; highest value of $500,000 was assigned to individual who burned to death).

        B.  The same applies to Stapleton, who, if realigned as a plaintiff, has a similar wrongful death claim with a similar value.

        C.  Hogue seeks damages for her "severe emotional distress" as a bystander who "witnessed" her fiancée burn to death. Compl. ¶¶24, 33. In *Wilks v. Hom*, 3 Cal.Rptr.2d 803, 804 (Cal. App. 4th Dist. 1992), a verdict of $876,755.93 was upheld for a mother with less direct perception of her daughter being killed in a residential fire.

        D.  Fortney seeks damages to compensate him for "serious, permanent and debilitating injuries"—presumably, burns----

resulting from his proximity to the explosion. In addition he
seeks recovery for pain and suffering, severe emotional distress,
property damage, inconvenience, loss of earnings, loss of
enjoyment of activities, loss of the value of life itself, and
expenses for past and future medical expenses. Compl. ¶¶23,
32. Reported verdicts in New Mexico demonstrate that such a
claim, if successfully, is also worth more than $75,000. *See,
e.g., Long v. Cont'l Divide Elec. Coop.*, 873 P.2d 289, 290
(N.M. App. 1994) (verdict of almost $500,000 for child's severe
burns); *Hinger v. Parker & Parsley Petroleum Co.*, 902 P.2d
1033, 1039 (Ct. App. 1995) (where natural gas well exploded
and burned several plaintiffs, average verdict for compensatory
damages per plaintiff was $1.7 million).

12.    Further, each Plaintiff seeks not only compensatory, but also
punitive, damages against Energen. Compl. ¶34. The trial court should factor
such damages into its determination whether the amount in controversy is met for
diversity jurisdiction. *See, e.g., Watson v. Blankenship*, 20 F.3d 383, 386 (10th
Cir. 1994). And experience on claims such as Plaintiffs' establishes that, if
successful, each can be expected to exceed the minimum jurisdictional amount.
*See Hinger*, 902 P.2d at 1039 (following natural gas well explosion, which
burned bystanders, average punitive verdict per plaintiff was $2.3 million).

13.    Energen denies the allegations of the Complaint, maintains that it
exercised due care and denies any liability for Plaintiffs' damages. However,

taking those allegations on their face as true, as this Court must for purposes of determining the propriety of removal, it is clear that Plaintiffs' alleged compensatory damages alone create a controversy in excess of $75,000, and that Plaintiffs' claims for punitive damages further inflate the amount in controversy beyond the jurisdictional amount.

14.     Based on the foregoing, this action is a suit over which the United States District Court for the District of New Mexico would have original "diversity" jurisdiction pursuant to 28 U.S.C. § 1332, and it is therefore removable to this court by Energen pursuant to 28 U.S.C. § 1441(a).

15.     Energen, the only properly named Defendant in this action, has removed this case without Defendant Jolley/Stapleton joining in its Notice of Removal. Removal remains proper without Jolley/Stapleton's consent, because Jolley/Stapleton is only a nominal party, whom Plaintiffs named as a defendant simply to prevent removal. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991) (defendants named to prevent removal need not join in notice), *cert. denied*, 502 U.S. 866 (1991).

16.     Energen will serve and certify service of copies of this Notice of Removal to all parties as required by 28 U.S.C. § 1446(d).

17.     A copy of this Notice of Removal will be filed with the Office of the Clerk of the District Court for the County of Santa Fe, New Mexico, as required by 28 U.S.C. § 1446(d). Energen has attached a copy of the state court notice as Exhibit C.

WHEREFORE, Defendant Energen Resources Corporation gives notice pursuant to 28 U.S.C. § 1446 of the removal of this action from the District Court for the County of Santa Fe, New Mexico, and requests that this Court make and enter such further orders as be necessary and proper.

Dated this 1st day of March, 2004.

Respectfully,

HOLLAND & HART LLP

Bradford C. Berge
Trent A. Howell
110 North Guadalupe, Suite 1
Santa Fe, NM 87501
505-988-4421

**ATTORNEYS FOR DEFENDANT
ENERGEN RESOURCES CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on March 1, 2004, I served a copy of the foregoing document to the following by



    U.S. Mail, postage prepaid
    Hand Delivery
    Facsimile

William H. Carpenter, Esq.
David J. Stout, Esq.
1600 University, Suite A
Albuquerque NM 87102
Fax: (505) 243-1339

Victor A. Titus, Esq.
2021 E. 20th Street
Farmington, NM 87401
Fax: (505) 326-2672

Joe M. Romero, Jr.
1905 Lomas, NW
Albuquerque, NM 87104
Fax: (505) 224-9554

Neils L. Thompson
Post Office Box 25467
Albuquerque, NM 87125
Fax: (505) 242-7184


Bradford C. Berge

3194712_3 DOC

# EXHIBIT A



C O P Y

ENDORSED
First Judicial District Court

FEB 0 5 2004

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. D0101CV200400240

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,

        Plaintiffs,

v.

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

        Defendants.

## COMPLAINT FOR WRONGFUL DEATH, PERSONAL INJURY AND INFLICTION OF EMOTIONAL DISTRESS

        COME NOW the Plaintiffs, by and through their undersigned attorneys, and for their action against the Defendants, state as follows:

        1.     Plaintiff Steven G. Farber is a resident of Santa Fe County, New Mexico, a citizen of New Mexico, and is the duly appointed Personal Representative of the Estate of Cody Amezcua, Deceased, as shown by the Order Appointing Personal Representative attached hereto as Exhibit "A".

        2.     Plaintiff Cameron Fortney is a resident and citizen of New Mexico.

        3.     Plaintiff Heather Hogue is a resident and citizen of New Mexico.

        4.     Defendant Energen Resources Corporation ("Energen") is an Alabama corporation engaged in business in the State of New Mexico.

        5.     Defendant Val Jolley, Personal Representative of the Estate of John Everett Stapleton, Deceased, is a resident and citizen of New Mexico.

6.      Defendant Energen is a diversified energy holding company engaged primarily in the acquisition, development, exploration and production of oil, natural gas and natural gas liquids in the continental United States.

        a.      Defendant Energen's oil and gas operations focus on increasing production and adding proved reserves through the acquisition and development of oil and gas properties.

        b.      At the end of fiscal year 2001, Defendant Energen's inventory of proved oil and gas reserves totaled 0.9019 trillion cubic feet equivalent.

        c.      By the end of fiscal year 2002, Defendant Energen's inventory had increased to 1.2629 trillion cubic feet equivalent.

        d.      Substantially all of Defendant Energen's reserves are located in the San Juan Basin in New Mexico, the Black Warrior Basin in Alabama, the Permian Basin in west Texas, and the north Louisiana/east Texas region.

7.      The incident which is the subject of lawsuit occurred in the State of New Mexico.

8.      This Court has jurisdiction over this matter and venue is proper.

9.      This action on the behalf of Plaintiff's decedent is brought pursuant to the New Mexico Wrongful Death Act, NMSA 1978, §§ 41-2-1, *et. seq.*

10.     On Sunday afternoon, July 21, 2002, Plaintiff Farber's decedent Cody Amezcua ("Mr. Amezcua"), Defendant Jolley's decedent John Everett Stapleton ("Mr. Stapleton"), Plaintiff Cameron Fortney ("Mr. Fortney"), Mr. Stapleton's fiancée Plaintiff Heather Hogue ("Ms. Hogue")

and a group of other young people went pleasure driving in the Glade Run area a few miles north of Farmington, New Mexico.

11.   Defendant Energen operates a natural gas well in the Glade Run Recreation Area identified as McCord Unit No. 13, SW 142, 970' FSL & 1720' FWL, Section 22, T-30-N, R-13-W, NMPM, San Juan County, NM (GL 5748) ("McCord Unit No. 13").

12.   McCord Unit No. 13 is located less than two miles north of the city of Farmington, New Mexico.

13.   Defendant Energen operates other natural gas wells in the Glade Run Recreation Area in addition to McCord Unit No. 13.

14.   The Glade Run Recreation Area is regularly used by motorists.

15.   Several dirt roads intersect near McCord Unit No. 13.

16.   Defendant Energen was aware prior to July 21, 2002, that the area near McCord Unit No. 13 was regularly used by motorists.

17.   Unlike other natural gas operators with wells in the Glade Run Recreation Area, Defendant Energen chose not to erect a barricade or fence at McCord Unit No. 13 to protect motorists from accidentally running into the well head.

18.   Precautionary measures to protect motorists from accidentally running into the well head at McCord Unit No. 13 were feasible and a recognized and accepted means of reducing the hazard of an exposed well head.

19.   At approximately 4:00 p.m. on Sunday, July 21, 2002, Mr. Stapleton was driving a Chevrolet Cavalier owned by Mr. Amezcua near Defendant Energen's well head at McCord Unit No. 13. Mr. Amezcua was a front-seat passenger in the vehicle.

3

20.     Mr. Stapleton accidentally backed the Cavalier into Defendant Energen's well head at McCord Unit No. 13, resulting in an explosion.

21.     Mr. Stapleton ran from the vehicle with his body on fire. Mr. Stapleton burned to death at the scene.

22.     Mr. Amezcua ran from the vehicle with his body on fire. Mr. Amezcua was air-lifted from the scene but died the next day from his injuries.

23.     Mr. Fortney was near the Cavalier when it exploded and suffered serious, permanent and debilitating injuries.

24.     Ms. Hogue witnessed the explosion and horrific death of her fiancée, Mr. Stapleton.

25.     Defendant Energen owed the Plaintiffs a duty of ordinary care in the maintenance and operation of its natural gas well and well head at McCord Unit No. 13.

26.     Defendant Energen was aware of the risk of danger posed to others in the event a motor vehicle accidentally struck the natural gas well head at McCord Unit No. 13.

27.     Defendant Energen breached its duty of ordinary care to the Plaintiffs, and was thereby negligent.

28.     At the time of the above referenced events, there were in force and effect regulations and orders that were violated by Defendant Energen. These regulations and orders were enacted for the protection of the class of persons which include the Plaintiffs. Defendant Energen's violation of these regulations and orders constitutes negligence *per se*.

29.     As a direct and proximate result of the negligence and negligence *per se* of Defendant Energen, the Plaintiffs have suffered damages as enumerated below.

30.     As a direct and proximate result of the actions of Defendant Energen enumerated above, Mr. Amezcua sustained serious personal injuries that resulted in his tragic and untimely

4

death. As a direct and proximate result of the actions of Defendant Energen enumerated above, the Estate of Mr. Amezcua is entitled to an award of monetary damages for the pain and suffering experienced prior to his tragic and untimely death, the aggravating circumstances attending his death, loss of consortium suffered by the members of his immediate family, the reasonable expenses of necessary medical care and treatment and funeral and burial expenses, the monetary worth of the life of Mr. Amezcua, and damages for the loss of value his life itself, all to the damage of Mr. Amezcua's Estate in an amount to be determined by the Court at trial.

31.     Although Mr. Fortney contends that his injuries and damages were proximately caused solely by the negligence and negligence *per se* of Defendant Energen, in order to fully protect his rights Mr. Fortney hereby asserts a personal injury claim for negligence against Defendant Jolley and the Estate of Mr. Stapleton.

32.     As a direct and proximate result of the actions of the Defendants enumerated above, Mr. Fortney has experienced pain and suffering, severe emotional distress, property damage, inconvenience, loss of earnings, loss of enjoyment of activities, loss of the value of life itself, as well as expenses for medical care received in the past and reasonably certain to be received in the future, all to Mr. Fortney's damage in an amount to be determined by the Court at trial.

33.     As a direct and proximate result of the actions of Defendant Energen enumerated above, Ms. Hogue has experienced severe emotional distress, inconvenience, loss of earnings, loss of enjoyment of activities, loss of the value of life itself, as well as expenses for medical care received in the past and reasonably certain to be received in the future, all to Ms. Hogue's damage in an amount to be determined by the Court at trial.

5

34.     Defendant Energen's actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling the Plaintiffs to recover punitive damages in an amount reasonably calculated to deter a repetition of such conduct.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for compensatory damages to the full extent permitted by New Mexico law, punitive damages against Defendant Energen, together with the costs of this litigation, pre-judgment and post-judgment interest and for such other relief as the Court may deem just and proper.

CARPENTER & STOUT, LTD.

By _____
        William H. Carpenter
        David J. Stout
        1600 University, NE, Suite A
        Albuquerque, NM 87102
        (505) 243-1336
        **ATTORNEYS FOR PLAINTIFF FARBER,
        PERSONAL REPRESENTATIVE OF THE
        ESTATE OF CODY AMEZCUA, DECEASED**

TITUS & MURPHY LAW FIRM

By _____
        Victor A. Titus
        2021 E. 20th St.
        Farmington, NM 87401
        (505) 326-6503
        **ATTORNEYS FOR PLAINTIFF FORTNEY**

ROMERO & ASSOCIATES, P.A.

By _____
        Joe M. Romero, Jr.
        1905 Lomas, NW
        Albuquerque, NM 87104
        (505) 843-9776
        **ATTORNEYS FOR PLAINTIFF HOGUE**



**IN THE PROBATE COURT**
**COUNTY OF SAN JUAN**
**STATE OF NEW MEXICO**

PROBATE COURT
SAN JUAN COUNTY, NM

**F I L E D**

DEC 0 9 2003

Probate No. 4524 _____ CLERK

BY _____ DEPUTY

**IN THE MATTER OF THE APPOINTMENT**
**OF A PERSONAL REPRESENTATIVE TO**
**ACT ON BEHALF OF THE HEIRS OF CODY**
**CEMINO AMEZCUA, DECEASED.**

## ORDER GRANTING MOTION TO TERMINATE
## APPOINTMENT OF PERSONAL REPRESENTATIVE
## <u>AND APPOINT A SUCCESSOR PERSONAL REPRESENTATIVE</u>

**THIS MATTER** having come before this Court on the Motion to Terminate

Appointment of Personal Representative and Appoint a Successor Personal

Representative, filed by Cynthia Amezcua, by and through her attorneys Carpenter &

Stout, Ltd., and the Court having reviewed the pleadings, the Court **FINDS:**

1.      Cynthia Amezcua, Personal Representative of the Estate of Cody Cemino

Amezcua, Deceased, has tendered her resignation as personal representative pursuant to

N.M.S.A. § 45-3-610. All interested parties have received written notice and there is

good cause to waive the fifteen-day written notice provision.

2.      Steven G. Farber seeks appointment as Successor Personal Representative

of the Estate of Cody Cemino Amezcua, Deceased.

3.      Steven G. Farber has priority of appointment as Successor Personal

Representative described in N.M.S.A. 45-3-203(A)(6) (1995 Repl.) as a friend of the

decedent's family.



**EXHIBIT**

**A**

4.      Steven G. Farber as personal representative has accepted the duties of personal representative of the Estate of Cody Cemino Amezcua, Deceased.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

1.      The resignation of Cynthia Amezcua as personal representative of the Estate of Cody Cemino Amezcua is hereby accepted;

2.      Steven G. Farber is substituted as Successor Personal Representative of the Estate of Cody Cemino Amezcua.

3.      Letters of Administration should be issued to Steven Farber.

**IT IS SO ORDERED.**

_____
**PROBATE COURT JUDGE**

**SUBMITTED:**

CARPENTER & STOUT, LTD.
William H. Carpenter
David J. Stout
1600 University, NE, Suite A
Albuquerque, NM  87102
(505) 243-1336
**ATTORNEYS FOR CYNTHIA AMEZCUA**

# EXHIBIT B

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D101CV2004 00242

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,

    Plaintiffs,

v.

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

    Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:  **VAL JOLLY, Personal Representative**
     **of the Estate of John Everett Stapleton, Deceased**
     **111 North Orchard Avenue, Floor 2**
     **Farmington, NM  87401**

GREETINGS:

    You are hereby directed to serve a pleading or motion in response to the Complaint within thirty (30) days after service of this Summons, and file the same, all as provided by law.

    You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorneys for Plaintiffs:

William H. Carpenter, Carpenter & Stout, Ltd.
1600 University Blvd., NE, Suite A
Albuquerque, NM 87102, (505) 243-1336

Joe M. Romero, Romero & Associates
1901 Lomas, NW
Albuquerque, NM  87104 (505) 843-9776

Victor A. Titus, Titus & Murphy Law Firm
2021 E. 20th Street
Farmington, NM  87501 (505) 326-6503

    WITNESS the Honorable CAROL J. VIGIL, District Judge of the First Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this _____, 2004.

DISTRICT COURT CLERK

By: _____
            Deputy

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,

     Plaintiff,

v.                                                          No.  D-101-CV-2004-242

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

     Defendants.

## CERTIFICATE OF SERVICE

COMES NOW Plaintiff, in the above-captioned cause, by and through counsel,

Victor A. Titus, pursuant to Rule of the District Court for the First Judicial District, and

files this CERTIFICATE OF SERVICE with the Court indicating that, on the ___17___ day

of ___February___, 2004 the original and one copy of the Plaintiff's First

Request for Production and Plaintiff's Interrogatories to Defendant together with a copy

of the Certificate of Service were mailed to Defendant Val Jolley, P.O.Box 2364,

Farmington, New Mexico, 87499.

TITUS & MURPHY LAW FIRM

VICTOR A. TITUS
Attorney for Plaintiff
2021 E. 20th St.
Farmington, NM 87401
(505) 326-6503

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

CASE NO. D/0/CV200400242

**STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,**

      Plaintiffs,

v.

**ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,**

      Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:   **ENERGEN RESOURCES CORPORATION
c/o CT Corporation System
123 East Marcy
Santa Fe, NM 87501**

GREETINGS:

You are hereby directed to serve a pleading or motion in response to the Complaint within thirty (30) days after service of this Summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorneys for Plaintiffs:

                             William H. Carpenter, Carpenter & Stout, Ltd.
                             1600 University Blvd., NE, Suite A
                             Albuquerque, NM 87102. (505) 243-1336

Joe M. Romero, Romero & Associates      Victor A. Titus, Titus & Murphy Law Firm
1901 Lomas, NW                             2021 E. 20th Street
Albuquerque, NM 87104 (505) 843-9776  Farmington, NM 87501 (505) 326-6503

WITNESS the Honorable **CAROL J. VIGIL**, District Judge of the First Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this ___Feb 5___, 2004.        STEPHEN T. PACHECO
                                            DISTRICT COURT CLERK

                                  By:    _____
                                            Deputy

**••••••••••••••••••••••••••••**
## AFFIDAVIT OF SERVICE

State of New Mexico  )
County of Santa Fe   )

___*Donald E Murray*___ BEING FIRST DULY Sworn upon his oath. says that he is over the age of eighteen years and that he served a copy of the

____✓ **SUMMONS & COMPLAINT**      ____**SUBPOENA**      ____**WRIT OF GARNISHMENT**

**OTHER**_____

in the avobe cause within the county and state herein above stated, upon ___*ENERGEN RESOURCES CORPORATION*___

on the __*5*__ day of ___*February*___ 20_*04*_ at __*11:26am*__ in the following manner:

____ I made service upon the above mentioned person by delivering the above designated papers to him / her personally.

____ I made service by delivering the above designated papers to _____ a person over the age of 15 years residing at the usual place of abode of the above-mentined person, who was absent.

____ I made service upon the above-mentioned party by personally delivering said papers to _____ designated to accept service for _____

____ I made service by posting the avove-designated papers upon the most public part of the above-mentioned person's premises, he being absent and no one being present, willing or able to accept the papers.

__✓ I made service upon the defendant corporation by delivering the above-designated papers to ___*EDNA GONZALES*___ *FOR CT CORPORATION SYSTEM* _____ Statutory Agent in the State of New Mexico for ___*ENERGEN RESOURCES CORPORATION*___

____ I made service upon the defendant insurance company by delivering the above-designated papers (in duplicate) to the New Mexico Superintendent of Insurance, _____ designated agent.

____ I made service by delivering the above-designated papers to the Secretary of State of the State of New Mexico, the true and lawful agent to accept service of legal process, _____ designated agent.

__ **OTHER** _____
_____

**FEES:**
Service / Return:  $ *24.80*
Mileage:           $ *2.00*
Other: *Filing*    $ *15.00*
Tax:               $ *2.66*
TOTAL:             $ *44.46*

_____
Process Server

SUBSCRIBED and SWORN TO before me this ___*5*___ day of ___*Feb*___ 20 *04*

My commission expires: ___*1/26/05*___

_____
Notary Public

Affidavit designed and produced by:

**DUE PROCESS 505/982-3313**
**P.O. BOX 1841, SANTA FE, NM 87504-18**

Attorneys requesting service
_____

OFFICIAL SEAL
BILL FONES
Notary Public
State of New Mexico
My Commission Expires *1/26/05*

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

10: 25

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,

      Plaintiffs,

v.                                    NO. D101 CV 200400242

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

      Defendant.

### ENTRY OF APPEARANCE

    COMES NOW, Madison, Harbour, Mroz & Brennan, P.A., (Neils L. Thompson) and

hereby enters their appearance of record on behalf of Val Jolley Personal Representative of the

Estate of John Everett Stapleton in the above-entitled and numbered cause of action.

               MADISON, HARBOUR, MROZ & BRENNAN, P.A.

               By _____

               Neils L. Thompson
               Post Office Box 25467
               Albuquerque, New Mexico 87125
               (505) 242-2177

### CERTIFICATE OF SERVICE

    It is hereby certified that on this 19th day of February, 2004, I caused to be mailed a true

and correct copy of the foregoing ENTRY OF APPEARANCE to the following counsel:

William H. Carpenter
David J. Stout
1600 University, NE, Suite A
Albuquerque, NM 87102
(505) 243-1336

**Attorneys for Plaintiff Farber**
**Personal Representative of the**
**Estate of Cody Amezcua, Deceased**

Vitor A. Titus
2021 E. 20th St.
Farmington, NM 87401-2516
(505) 326-6503

**Attorneys for Plaintiff Fortney**

Joe M. Romero, Jr.
1905 Lomas, NW
Albuquerque, NM 87104
(505) 843-9776

**Attorneys for Plaintiff Hogue**

Neils L. Thompson

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**



FIRST JUDICIAL
DISTRICT COURT

04 FEB 23  AM 10: 44

Steven G. Farber, Personal Representative of the
Estate of CODY AMEZUA, Deceased,          No: D101-CV-2004-00242
CAMERON FORTNEY and HEATHER
HOGUE,

        Plaintiffs,

v.

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON,
Deceased,

        Defendants.

## ACCEPTANCE OF SERVICE

Val Jolley, Personal Representative of the Estate of John Everett Stapleton.

Deceased, hereby accepts service of a copy of the Summons and Complaint for Wrongful

Death, Personal Injury and Infliction of Emotional Distress, on behalf of the Estate of John

Everett Stapleton, Deceased.

DATED: **February 16, 2004** .

                                JOLLEY LAW OFFICE
                                By: _____
                                  Val R. Jolley
                                  P. O. Box 2364
                                  Farmington, NM  87499
                                  (505) 327-6116
                                  **ATTORNEYS FOR DEFENDANT**
                                  **ESTATE OF JOHN EVERETT**
                                  **STAPLETON, Deceased.**

THIS WILL CERTIFY that a true and correct
copy of the foregoing Acceptance of Service
was mailed to opposing counsel of record this
___16th day of February, 2004:

    William H. Carpenter
    Carpenter & Stout, Ltd.
    1600 University, NE, Suite A
    Albuquerque, NM  87102

    Victor A. Titus
    Titus & Murphy Law Firm
    2021 E. 20th Street
    Farmington, NM  87401

    Joe M. Romero, Jr.
    Romero & Associates, P.A.
    1905 Lomas, NW
    Albuquerque, NM  87104

_____
Val R. Jolley

2



**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

Steven G. Farber, Personal Representative of the
Estate of CODY AMEZUA, Deceased,           No: D101-CV-2004-00242
CAMERON FORTNEY and HEATHER
HOGUE,

        Plaintiffs,

v.

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON,
Deceased,

        Defendants.

## ACCEPTANCE OF SERVICE

Val Jolley, Personal Representative of the Estate of John Everett Stapleton,

Deceased, hereby accepts service of a copy of the Summons and Complaint for Wrongful

Death, Personal Injury and Infliction of Emotional Distress, on behalf of the Estate of John

Everett Stapleton, Deceased.

DATED: **February 16, 2004**          .

                                  JOLLEY LAW OFFICE

                                  By: _____
                                  Val R. Jolley
                                  P. O. Box 2304
                                  Farmington, NM  87499
                                  (505) 327-6116
                                  **ATTORNEYS FOR DEFENDANT**
                                  **ESTATE OF JOHN EVERETT**
                                  **STAPLETON, Deceased.**

THIS WILL CERTIFY that a true and correct
copy of the foregoing Acceptance of Service
was mailed to opposing counsel of record this
___16th___ day of February, 2004:

     William H. Carpenter
     Carpenter & Stout, Ltd.
     1600 University, NE, Suite A
     Albuquerque, NM  87102

     Victor A. Titus
     Titus & Murphy Law Firm
     2021 E. 20th Street
     Farmington, NM  87401

     Joe M. Romero, Jr.
     Romero & Associates, P.A.
     1905 Lomas, NW
     Albuquerque, NM  87104

_____
Val R. Jolley

# EXHIBIT C

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D-0101-CV-2004-00242

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE

       Plaintiffs,

v.

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN EVERETT STAPLETON, Deceased,

       Defendants.

## NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

TO:   THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Energen Resources Corporation on March 1, 2004, filed in the United States District Court for the District of New Mexico, a Notice of Removal for the above-identified case. A copy of the Notice of Removal filed with the federal court is attached hereto, with a certificate of service to Plaintiffs' attorneys.

PLEASE TAKE FURTHER NOTICE that, by the filing of the Notice of Removal with the federal court, and by the filing of this Notice to State Court and a copy of the Notice of Removal, the above-entitled action has been removed from this Court to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§

1441 and 1446, and this Court may proceed no further unless and until the case is remanded.

HOLLAND & HART LLP

Bradford C. Berge
Trent A. Howell
110 North Guadalupe, Suite 1
Santa Fe, NM 87501
505-988-4421

ATTORNEYS FOR DEFENDANT
ENERGEN RESOURCES CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 1, 2004, I served a copy of the foregoing document to the following by

☒          U.S. Mail, postage prepaid
☐          Hand Delivery
☒          Facsimile

William H. Carpenter, Esq.
David J. Stout, Esq.
1600 University, Suite A
Albuquerque NM 87102
Fax:  (505) 243-1339

Victor A. Titus, Esq.
2021 E. 20th Street
Farmington, NM 87401
Fax:  (505) 326-2672

Joe M. Romero, Jr.
1905 Lomas, NW
Albuquerque, NM 87104
Fax:  (505) 224-9554

Neils L. Thompson
Post Office Box 25467
Albuquerque, NM  87125
Fax: (505) 242-7184

Bradford C. Berge