IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN G. FARBER, Personal Representative
of the Estate of CODY AMEZCUA, Deceased,
CAMERON FORTNEY and HEATHER HOGUE,

       Plaintiffs,

vs.                                             No. CIV 04-0225 RB/WDS

ENERGEN RESOURCES CORPORATION and
VAL JOLLEY, Personal Representative of the
Estate of JOHN STAPLETON, Deceased,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Fortney's Motion to Remand (Doc. 10), filed on March 31, 2004. On March 1, 2004, Defendant Energen Resources Corporation (Energen) removed this matter pursuant to 28 U.S.C. §1441(a), alleging diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332. Having reviewed the submissions of the parties and the relevant law, I find that the motion should be granted and that this matter should be remanded to state court for lack of subject matter jurisdiction.

**I.**    **Background.**

On July 21, 2002, a group of young people were driving in the Glade Run Recreational Area near Farmington, New Mexico. (Compl. ¶ 10.) John Stapleton was driving a car in which Cody Amezcua was a passenger. (Compl. ¶ 19.) Heather Hogue, John Stapleton's fiancé, and Cameron Fortney were in a separate car. (Compl. ¶¶ 23-24.)

Plaintiffs allege that Energen operates a number of natural gas wells in Glade Run, including a well known as McCord Unit No. 13. (Compl. ¶¶ 11; 13.) According to Plaintiffs, McCord Unit No. 13 is less than two miles north of Farmington, a number of dirt roads intersect near McCord Unit No. 13, and Energen was aware that Glade Run is regularly used by motorists. (Compl. ¶¶ 12; 14; 15-16.)

Plaintiffs allege that Stapleton accidentally backed the car, in which Amezcua was a passenger, over the well head. (Compl. ¶ 20.) The resulting explosion ignited the car. (*Id.*) Stapleton and Amezcua ran from the vehicle with their bodies on fire. (Compl. ¶¶ 21-22.) Stapleton died at the scene, and Amezcua died the next day. (*Id.*) Fortney was standing near the car when it exploded and he suffered serious burn injuries. (Compl. ¶ 23.) Hogue was near the car and witnessed the death of her fiancé. (Compl. ¶ 24.)

On February 5, 2004, Fortney, Hogue, and the personal representative of Amezcua filed suit in the First Judicial District, County of Santa Fe, State of New Mexico. Hogue and the Estate of Amezcua sued Energen. Fortney sued both Energen and the Estate of Stapleton. Fortney and Hogue are citizens of New Mexico. (Compl. ¶¶ 2-3.) Amezcua and Stapleton were citizens of New Mexico at the time of their deaths and their personal representatives are citizens of New Mexico. (Compl. ¶¶ 1; 5.) Energen is an Alabama corporation. (Compl. ¶ 4.)

Defendant (Energen) removed this action on March 1, 2004, arguing that the Estate of Stapleton should be realigned as a plaintiff because Plaintiffs and the Estate of Stapleton are united in their primary purpose to hold Energen responsible for the accident and that the Complaint fails to allege a breach of duty on the part of Stapleton.

Fortney has moved to remand, arguing that the factual allegations clearly state a claim against

the Estate of Stapleton, there is an actual controversy between Fortney and the Estate of Stapleton, and Fortney is actively pursuing his claim against the Estate of Stapleton. It is undisputed that the amount in controversy exceeds $75,000.

**II.     Standard.**

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U. S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003).

**III.    Discussion.**

Energen contends that the Estate of Stapleton should be realigned as a plaintiff. Realignment is a fact specific inquiry directed at "the realities of the record" to discover the "real interests" of the parties. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). In a diversity case, the court must scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests. *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978). The generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side. 13B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 3607 (1990).

Fortney seeks recovery for personal injuries inflicted by the explosion at the well head. Fortney clearly asserts a negligence claim against the Estate of Stapleton. Under New Mexico law,

every person has a duty to exercise ordinary care for the safety of the person and the property of others. UJI 13-1604, NMRA 2003. John Stapleton backed the car into the well head. Energen operated the well head. The well head exploded. New Mexico is a pure comparative negligence jurisdiction. The fault, if any, of Stapleton and Energen will be compared at trial. Fortney has stated a valid negligence claim against the Estate of Stapleton. Energen has failed to meet its burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. The case should be remanded to state court for lack of jurisdiction.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 10), filed on March 31, 2004, is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED TO THE FIRST JUDICIAL DISTRICT COURT, COUNTY OF SANTA FE, STATE OF NEW MEXICO.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**